# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **RONNIE BABINO** <br>     LA. DOC #131570 <br> **VS.** | **CIVIL ACTION NO. 09-0351** <br><br> **SECTION P** <br><br> **JUDGE DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE METHVIN** |

## *REPORT AND RECOMMENDATION*

*Pro se* petitioner Ronnie Babino, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2006 forcible rape conviction in Louisiana's Sixteenth Judicial District Court, St. Mary Parish.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## *Background*

On November 16, 2004 the St. Mary Parish Grand Jury indicted petitioner on a charge of aggravated rape. (La. R.S. 14:42). On August 1, 2005 petitioner pled guilty to the lesser included

---

[1] Contrary to the petition, St. Mary Parish, where petitioner was convicted and sentenced, is in Louisiana's Sixteenth Judicial District. See La. R.S. 13:477(16).

offense of forcible rape (La. R.S. 14:42.1) and, on February 6, 2006 petitioner was sentenced to serve 35 years at hard labor. [rec. doc. 1-3, p. 1]

Petitioner did not appeal his conviction or sentence. [rec. doc. 1, ¶6(a)] On or about January 4, 2007 he filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court arguing claims of defective indictment and ineffective assistance of counsel based on counsel's failure to object to the defective indictment and to appeal the conviction. [rec. doc. 1-3, p. 1; rec. doc. 1-4, pp. 2-6] On January 24, 2008 the trial court denied relief noting:

> Mr. Babino argues that the indictment was not amended to forcible rape. This is not true. The indictment attached to his application shows that it was amended by the district attorney. Additionally the Court finds that the principals of *State v. Cook*, 372 So.2d 1202(La. 1979) apply to this case. In *Cook*, the Louisiana Supreme Court held that a defendant may plead guilty to an amended indictment or information or may plead in an unamended indictment to a lesser included responsive verdict in order for due process requirements to be satisfied. In the case at bar, the court finds that Mr. Babino pled guilty to forcible rape and this is responsive to aggravated rape. See La. C.Cr.P. Article 814.
>
> The defendant also alleges that his attorney was ineffective for not filing a notice of appeal and not properly investigating the case. The defendant has not briefed this argument, nor is there any evidence that exists in the records to substantiate an appeal of the sentence since the defendant was a multiple offender. He could have been sentenced to a much greater penalty if multiple billed as a habitual offender. Nothing exists in the record to substantiate his claim of improper investigation. [rec. doc. 1-4, p. 14]

On or about February 4, 2008 petitioner filed a *pro se* writ application in the First Circuit Court of Appeals. That application was assigned Docket Number 2008-KW-0294. In the writ application petitioner again argued ineffective assistance of counsel based on counsel's failure to object "... to the unamended indictment before accepting guilty plea. Nor for the filing of a notice

of appeal on petitioner's behalf..." [rec. doc. 1-4, pp. 7-10] On April 28, 2008 the First Circuit denied writs. [rec. doc. 1-4, p.11][2]

On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court. Petitioner again argued ineffective assistance of counsel based on counsel's failure to object to the unamended indictment and his failure to file an appeal. [rec. doc. 1-4, pp. 26-31] On February 6, 2009 the Supreme Court denied writs. *State ex rel. Ronnie Babino v. State of Louisiana*, 2008-1049 (La. 2/6/2009), 999 So.2d 774. [see also rec. doc. 1-4, p. 32]

On March 4, 2009 petitioner filed his *pro se* petition for writ of *habeas corpus* again arguing ineffective assistance of counsel based on counsel's failure to object to the allegedly defective indictment. [rec. doc. 1, pp. 1-10; rec. doc. 1-3, pp. 1-6]

*Law and Analysis*

*1. Rule 4 Considerations*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

---

[2] Petitioner did not provide a copy of the First Circuit's writ denial.

A review of the petitioner's pleadings and exhibits establishes beyond any doubt that petitioner is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

## 2. Ineffective Assistance of Counsel

As guaranteed by the Sixth Amendment, criminal defendants have a constitutional right to the effective assistance of counsel at trial and on appeal. To prevail on an ineffective assistance claim a *habeas* petitioner must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the petitioner must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5 Cir.1983).

In analyzing such claims, a federal *habeas* court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Thus, post-trial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5 Cir.1981).

Petitioner faults counsel for failing to object to the indictment and failing to file an appeal. The failure to raise meritless or futile objections does not constitute ineffective assistance of counsel. See *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) (*per curiam*)). As is shown below, the indictment was not defective and any objection or appeal by counsel on the basis suggested by petitioner would have been ultimately dismissed as meritless.

Further, petitioner has provided no facts or argument to support a finding of prejudice occasioned by counsel's allegedly deficient performance. Indeed, had counsel objected to the defective indictment, one of two things would have occurred: (1) the prosecution would have then amended the indictment; or, (2) the plea offer would have been withdraw and petitioner would have been forced to trial on charges of aggravated rape.

### 3. Defective Indictment

The gravamen of petitioner's claim centers around his mistaken belief that the State's failure to amend the indictment from aggravated rape to forcible rape invalidated the charging instrument and called in question the legality of petitioner's guilty plea.[3]

---

[3] It is noted that petitioner did not provide a copy of the charging instrument with his other exhibits. When he raised this claim in the Sixteenth Judicial District Court, the trial judge, in denying his application for post-conviction relief noted, "The indictment attached to his application shows that it was amended by the district attorney." [rec. doc. 1-4, p. 14] Nevertheless, for the purposes of this Report it will be assumed that the indictment was not amended prior to the plea.

Petitioner admits that he was indicted by the grand jury for aggravated rape in violation of La. R.S.14:42. Under Louisiana law, forcible rape is a lesser included offense[4] and thus a responsive verdict to aggravated rape. See La. C.Cr.P. art. 814(A)(8).[5] Under Louisiana law, there was no need to re-indict petitioner for forcible rape or even to amend the indictment originally brought against petitioner, nor was it necessary to file a bill of information charging petitioner with forcible rape, prior to accepting his guilty plea to the lesser included offense of forcible rape. Compare *State v. Harden*, 506 So.2d 1265, 1271 (La.App. 2 Cir.1987)("... an amendment to the indictment or the filing of a new bill of information was not necessary as manslaughter, to which the district attorney agreed to permit the defendant to plead, is a lesser and included crime of first degree murder for which the defendant was indicted."); *Bridgwater v. Cain*, 1999 WL 562732, *4 (E.D.La.1999) citing La.C.Cr.P. arts. 558 ("Even if the Court were to consider the Petitioner's claims on the merits, he would not prevail. With respect to his first claim, the Petitioner contends that the failure of the prosecutor to amend the indictment, either in writing or orally, to reflect the charge of manslaughter invalidates his conviction. Even assuming such a failure occurred, it is at most a violation of state law and does not give rise to a constitutional claim. Furthermore, under Louisiana law, it appears an amendment was not

---

[4] See *State v. Simpkins*, 44,197 (La. App. 2 Cir. 5/13/2009), 2009 WL 1315831; *State v. D.T.*, 2008-814 (La. App. 3 Cir. 12/11/2008), 998 So.2d 1258; *State v. Kennedy*, 2000-1554 (La. 4/3/2001), 803 So.2d 916; and, *State v. Straughter*, 1997-1161 (La. App. 4 Cir. 2/10/1999), 727 So.2d 1283, 1285-1286, (Noting, "Lesser and included grades of the charged offense are those in which all essential elements of the lesser offenses are also essential elements of the greater offense charged; thus, evidence which would support conviction of the charged offense would necessarily support conviction of the lesser and included offenses..." and finding thereafter, sufficient evidence to convict the defendant of forcible rape.)

[5] La. C.Cr.P. art. 814(A)(8) provides, "The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
         *  *  *
(8) Aggravated Rape:... Guilty of forcible rape..."

necessary. La.C.Cr.Proc. Art. 558 permits a defendant to plead guilty to a lesser included offense to the offense charged. Louisiana courts have held that no amendment is needed under those circumstances."); *State v. Moore*, 595 So.2d 334, 335 at fn.1, (La.App. 3 Cir.1992)[6] ("The bills of information were never amended to reflect the plea agreement. Nevertheless, we find that this was unnecessary since defendant pleaded to charges which were lesser included offenses to the original charges brought against him."); *State v. Lozado*, 594 So.2d 1063, 1065 at fn.1 (La.App. 3 Cir.1992) ("The bills of information were never amended to reflect the plea agreement. Nevertheless, we find that this was unnecessary since defendant pleaded to charges which were lesser included offenses to the original charges brought against him.").

In short, counsel's failure to object or appeal was not deficient performance since such an objection would have been meritless and futile.

Further, to the extent that petitioner complains that he was deprived of any federal constitutional rights by virtue of an allegedly defective or insufficient indictment, such claims are not a matter for federal *habeas corpus* relief, unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984) citing *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980); See also *Bridgewater, supra*. ("Assuming the prosecutor did not amend the indictment to reflect manslaughter, such failure 'is at most a violation of state law and does not give rise to a constitutional claim.'").

*4. Conclusion and Recommendation*

Based on the foregoing,

---

[6] Reversed on other unrelated grounds, *State v. Stevens*, 2006-818 (La. App. 3 Cir. 1/31/2007), 949 So.2d 597.

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 8, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)